Justice Sotomayor,
with whom Justice Kagan joins,
concurring in the judgment.
Claims alleging the violation of a statute, such as the Credit Repair Organizations Act (Act), 15 U. S. C. § 1679 et seq., are generally subject to valid arbitration agreements unless Congress evinces a contrary intent in the text, his­tory, or purpose of the statute. See Gilmer v. Interstate/ Johnson Lane Corp., 500 U. S. 20, 26 (1991). I agree with the Court that Congress has not shown that intent here. But for the reasons stated by the dissent, I find this to be a much closer case than the majority opinion suggests.
The Act creates a cause of action in its liability provision, see § 1679g(a), denominates the cause of action a “right to sue” in the mandatory disclosure statement, §1679c(a), and then provides that “right[s]” may not be waived, § 1679f(a). Those for whom Congress wrote the Act — lay readers “of limited economic means and ... inexperienced in credit mat­ters,” § 1679(a)(2) — reasonably may interpret the phrase “right to sue” as promising a right to sue in court. And it is plausible to think that Congress, aware of the impact of its words, intended such a construction of the liability provision.
But while this interpretation of the Act is plausible, it is in my view no more compelling than the contrary construe­ *109 tion that petitioners urge. As the majority opinion notes, the disclosure provision does not itself confer a cause of ac­tion, and the liability provision that does is materially indis­tinguishable from other statutes that we have held not to preclude arbitration. In my mind this leaves the parties’ arguments in equipoise, and our precedents require that petitioners prevail in this circumstance. This is because re­spondents, as the opponents of arbitration, bear the burden of showing that Congress disallowed arbitration of their claims, and because we resolve doubts in favor of arbitration. See id., at 26. Of course, if we have misread Congress’ in­tent, then Congress can correct our error by amending the statute.
I add one more point. The majority opinion contrasts the liability provision of the Act with other, more recently enacted statutes that expressly disallow arbitration. I do not understand the majority opinion to hold that Congress must speak so explicitly in order to convey its intent to pre­clude arbitration of statutory claims. We have never said as much, and on numerous occasions have held that proof of Congress’ intent may also be discovered in the history or purpose of the statute in question. See ibid. (“If such an intention exists, it will be discoverable in the text of the [statute], its legislative history, or an ‘inherent conflict’ be­tween arbitration and the [statute’s] underlying purposes”); Shearson/'American Express Inc. v. McMahon, 482 U. S. 220, 227 (1987) (“If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent ‘will be deducible from [the statute’s] text or legislative history,’ or from an inherent conflict between arbitration and the stat­ute’s underlying purposes” (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U. S. 614, 628 (1986); citation omitted)). I agree with the dissent that the statutes the majority opinion cites shed little light on the thoughts of the Congress that passed the Act. But the Act’s text is not dispositive, and respondents identify nothing in *110 the legislative history or purpose of the Act that would tip the balance of the scale in favor of their interpretation.